UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 2:11-CV-00088-KKC

RICHARD WAYNE TATE,                                              PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                 DEFENDANT.

\* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff, Richard Wayne Tate (DE 8) and Defendant Michael J. Astrue, Commissioner of Social Security (DE 9).

**I.    Background**

The Plaintiff alleges disability beginning from January 17, 2005 due to a combination of impairments including a shoulder injury followed by multiple surgeries, knee problems and surgeries, amputated left index finger and part of the left hand on his dominant side, arthritis, three elbow surgeries, constant pain, high cholesterol, and dyslexia. AR 13, 128. The Plaintiff was forty-five (45) years old at the alleged onset date of disability. AR 22. At the time of his hearing in front of the Administrative Law Judge he was fifty (50) years old. AR 39. The Plaintiff is a male standing at seventy-four (74) inches tall and weighing approximately two-hundred and sixty (260) pounds. AR 47. The Plaintiff has obtained a twelfth grade education and he has past relevant work experience in construction. AR 46, 129, 195.

On July 17, 2007, the Plaintiff filed applications for a period of disability and disability insurance benefits, alleging onset date of January 17, 2005. AR 13, 111. These claims were denied initially and upon reconsideration. AR 13, 65-66, 67-70 (initial denial), 75-77 (denial

1

upon reconsideration). The Plaintiff then requested a hearing before an Administrative Law Judge. AR 83. The request was granted and the Plaintiff appeared and testified at a video hearing on May 21, 2009. AR 78-79, 84-85. The ALJ presided over the video hearing from Lexington, Kentucky while the claimant appeared for the hearing in Cincinnati, Ohio. AR 13.

On August 13, 2009, the ALJ determined that the Plaintiff was not disabled as defined by the Social Security Act. AR 18. The Plaintiff filed a request for review of the hearing decision by the Social Security Administration's Appeals Council, but the request was denied and the ALJ's decision stood as final. AR 1. Because the Plaintiff has exhausted all of his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Discussion

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision "absent a determination that the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of H.H.S.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The

Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005). Finally, after review "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the full burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones*, 336 F. 3d at 474. However, the burden, in part, shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1420(c). At the third step, the claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. §§ 404.1520(d), 404.1525-26.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. §§ 404.1520(e), 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c).

### C. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since January 17, 2005, the alleged onset date. AR 15. At step two, the ALJ found that the Plaintiff had the following severe impairments: chronic right, non-dominant shoulder pain and weakness status post fracture of the right shoulder with multiple surgeries for repair of anterior labrum; subacromial decompressions; removal of hardware and lysis of adhesions in the right shoulder; osteoarthritis of the knees; obesity and amputated left index finger . . . . AR 15. However, at step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18-19.

Prior to step four, the ALJ determined that the Plaintiff has the RFC to:

> perform a restricted range of light work . . . . He can lift/carry ten pounds frequently, twenty pounds occasionally with his left dominant hand, with use of his right hand as a helper hand. The claimant can lift/carry, push/pull ten pounds or less with his right, non-dominant hand; no reaching, pushing/pulling or

overhead work with right shoulder; no operation of foot pedal controls; no kneeling, crawling; only occasional stooping and crouching.

AR 19. The ALJ determined at step four that the Plaintiff was unable to perform any past relevant work. AR 21. At step five, however the ALJ determined that based on the Plaintiff's age, education, work experience and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 21-22. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 23.

### D. Analysis

The Plaintiff offers two arguments in support of his claim that the Commissioner's decision to deny benefits "is not supported by substantial evidence on the record as a whole and is contrary to law and an abuse of discretion." [DE 1 at 2]. First, the Plaintiff contends that the ALJ's RFC determination "is not supported by substantial evidence and is contrary to law." (Pl.'s Motion at 17). Second, the Plaintiff argues that the ALJ improperly rejected the medical opinions of the Plaintiff's treating physicians.

The Plaintiff's treating family physician is Dr. Brian Schack. Dr. Forest Heis is an orthopedic surgeon who performed six surgeries on the Plaintiff's shoulder, assessed that the Plaintiff may need long-term pain management as early as 2006 (AR 244), diagnosed him with bone disease (ankylosis) and arthrofibrosis (AR 897, 937), and noted that scar tissue will continue to reform (AR 935). Dr. Heis most recently recommended a full shoulder replacement for the Plaintiff (AR 51-52).

Dr. Heis performed a medical assessment of the Plaintiff's shoulder in October 2007 and opined that the Plaintiff can lift and carry only five pounds occasionally and no weight frequently and that his impairment limited his ability to reach, handle and push/pull. (AR 841). Dr. Schack

5

performed a medical assessment of the Plaintiff in November 2007. He opined that the Plaintiff can lift and carry less than five pounds occasionally and frequently, stand and walk four hours total (less than one hour uninterrupted), sit four to six hours, (less than one hour uninterrupted),never climb, balance, crouch, ,kneel, and crawl, and occasionally stop. (AR 857-58). Dr. Schack opined that the plaintiff had "fingering" problems related to his shoulder injury.

In most cases, an ALJ should give more weight to the opinion of treating physicians than other sources because:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the Plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). The uncontradicted opinion of a treating physician is entitled to complete deference. *Cohen v. Sec'y of H.H.S.*, 964 F.2d 139, 145 (6th Cir. 1992). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (citing *Young v. Sec'y of H.H.S.*, 925 F.2d 146, 151 (6th Cir. 1990)). Accordingly, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Id.* Notably, the opinions of treating physicians are favored over the opinion of a physician hired by the government for the purpose of defending against a disability claim. *Hurst v. Sec'y of H.H.S.*, 753 F.2d 517, 520 (6th Cir. 1985).

The ALJ rejected the opinions of Dr. Schack and Dr. Heis stating that "they are inconsistent with the weight of the medical evidence of record." AR 21. But the only other medical evidence of the Plaintiff's physical condition discussed by the ALJ is that of Dr. Martin Fritzhand, a consultative

medical examiner, who assessed the Plaintiff in September 2007. Dr. Fritzhand opined that the Plaintiff was capable of "performing a *mild* amount of sitting, ambulating, standing, bending, pushing, pulling, lifting and carrying heavy objects." (AR 831) (emphasis added). Dr. Fritzhand also opined that the Plaintiff was incapable of reaching with the upper right extremity but had no difficulty grasping or handling objects with either hand. The Court has been unable to locate anything in the record that would quantify "mild" for purposes of Dr. Fritzhand's opinion. Thus, it is unclear whether Dr. Fritzhand's opinion contradicts that of the Plaintiff's treating physicians, Dr. Schack and Dr. Heis. There is no other relevant medical evidence discussed in the ALJ's opinion.

Thus, the ALJ erred in failing to give good reasons for rejecting the opinions of the Plaintiff's treating physicians.

The Plaintiff also claims that the ALJ failed to support his RFC determination with substantial evidence. The ALJ determined that the Plaintiff had the RFC to person a restricted range of "light" work. (AR 19). The ALJ determined that the Plaintiff could lift/carry ten pounds frequently and twenty pounds occasionally with his left dominant hand, with use of his right hand as a helper hand. He further determined the Plaintiff could lift/carry, push/pull 10 pounds or less with his right hand but that he could not reach, push/pull or do overhead work with his right shoulder.

This RFC determination is inconsistent with the opinions of the Plaintiff's treating physicians. Because the ALJ did not give good reasons for rejecting those opinions, the Court cannot find that the ALJ supported his RFC determination with substantial evidence. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239-41 (6th Cir. 2002). Further, it is unclear whether the RFC determination is consistent with Dr. Fritzhand's opinion, the only other medical evidence of the Plaintiff's physical condition discussed in the ALJ's opinion.

### III. Conclusion

7

For these reasons, the Court **HEREBY ORDERS** as follows:

(1) The Plaintiff's Motion for Summary Judgment (DE 8) is **GRANTED** in so far as it asks for this matter to be remanded to the Commissioner. The motion is otherwise **DENIED**;

(2) The commissioner's Motion for Summary Judgment (DE 9) is **DENIED**; and

(3) The Commissioner's decision is **VACATED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

This 29th of September, 2012,

Signed By:
Karen K. Caldwell
United States District Judge